**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JAMES M. SINGER, | |
| Plaintiff, | NO. 1:08-CV-01999 |
| v. | (JUDGE CAPUTO) |
| ANDREA BOWMAN, ET AL., | |
| Defendants. | |

**MEMORANDUM ORDER**

On November 4, 2008, Plaintiff, appearing *pro se*, filed a document (Doc. 1) purporting to be a claim against thirty-one (31) individuals. The document was twenty-four (24) pages in length and contained two hundred fifty-one (251) numbered paragraphs that were unclear as to the relief sought or the basis for that relief. On November 6, 2008, this Court issued an Order (Doc 3) dismissing this document, without prejudice, for failure to comply with Federal Rule of Civil Procedure 8(a). On November 16, Plaintiff filed a document entitled "Motion to Reconsider and Request Appointment of Counsel" (Doc. 4), which is currently before the Court.

The motion (Doc. 4) currently before the Court contains twenty-eight (28) numbered paragraphs urging the Court to reconsider its November 6, 2008 Order and to appoint counsel to assist Plaintiff in further pursuit of his claims. Additionally, Plaintiff's current motion contains an additional two hundred ninety-three (293) numbered paragraphs that the Plaintiff submits as a revision of his earlier filing. Notable in the revisions to the original filing, Plaintiff now includes six (6) paragraphs detailing "claims for relief" that include requests for a jury trial, declarative relief, compensatory and punitive damages, special damages in the

amount of seventy-five million dollars ($75,000,000), a reinstatement of Plaintiff's professional license, and an injunction requiring the various Defendants to be prosecuted under appropriate criminal statutes. (Doc. 4, ¶¶ 31-36.)  Plaintiff also significantly expands and adds detail to paragraphs appearing under the "Parties" sub heading (*Id.* ¶¶ 37-44), and includes a section entitled "Constitutional Rights Violated" where he alleges violations of his First, Fifth, and Fourteenth Amendment rights (*Id.* ¶¶ 45-49).  While Plaintiff does provide some new, tangential facts in the remaining two hundred seventy-one (271) paragraphs of his motion, this section is largely duplicative of Plaintiff's initial filing.

While Plaintiff has clearly attempted to revise his pleadings in accordance with the Federal Rules of Civil Procedure, the revised document that Plaintiff presents to the Court in his motion still fails to satisfy the standards set by Rule 8(a).  The Court has reviewed both Plaintiff's original and revised filings and finds that these documents do not "give the defendant[s] fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, --- U.S. ----, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007) (per curiam); *see also Phillips v. County of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008) ("[T]he factual detail in a complaint [must not be] so undeveloped that it does not provide a defendant the type of notice of claim which is contemplated by Rule 8.").  The Court recognizes that Plaintiff is appearing *pro se* and has afforded both the original and revised filings a liberal construction in accordance with the Supreme Court's decision in *Haines v. Kerner*, 404 U.S. 519 (1972).  However, even when Plaintiff's filings are viewed with the liberal construction afforded to *pro se* litigants, and the liberal "notice pleading" standards provided by Rule 8, the Court finds that Plaintiff's filings are insufficient to provide enough

notice for the Court to reasonably expect Defendants to frame a responsive pleading. For this reason, the Court will deny the Plaintiff's motion to reconsider it's November 6, 2008 Order.

Plaintiff also cites the Court's November 6, 2008 Order dismissing his pleading as evidence in support of his motion to have the Court appoint counsel to assist in the pursuit of his claims. Civil litigants have no constitution or statutory right to counsel. *Parham v. Johnson*, 126 F.3d 454, 456-457 (3d Cir. 1997). A district court, however, has broad discretion to appoint counsel for an indigent civil litigant. *See* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel."); *Tabron v. Grace*, 6 F.3d 147, 154 (3d Cir. 1993); *Parham*, 126 F.3d at 457. The Court of Appeals for the Third Circuit has identified several factors to guide district courts when determining when appointment of counsel is appropriate. Preliminarily, the plaintiff's claim must have some merit in fact and law. *Tabron*, 6 F.3d at 155. If the claim has merit, then the district court should consider the following factors: 1) plaintiff's ability to present his or her own case, 2) the complexity of legal issues, 3) the degree to which factual investigation will be necessary and the ability of plaintiff to pursue such investigation, 4) whether a case is likely to turn on credibility determination, 5) whether the testimony of expert witnesses is required, and 6) whether the plaintiff can attain and afford counsel on his own behalf. *Id*. at 155-158; *see also Parham*, 126 F.3d at 457.

The Court is unable to reach the preliminary determination that the Plaintiff's claim has some merit in fact and law. The Court is unable to make this determination because, as previously noted in this memorandum, Plaintiff fails to provide clear allegations of fact

supporting Plaintiff's claims.  Moreover, even if the Court were to preliminarily assume that Plaintiff's claims had merit in fact and law, the Court is not persuaded that Plaintiff could not adequately present his case on his own behalf.  This is because, even though Plaintiff has failed to appropriately state his claims in his two filings with this Court, the Court is unable to discern any factors preventing the Plaintiff from amending his filings to provide the requisite allegations of fact needed to appropriately state a claim.  Furthermore, the Court is not persuaded that the Plaintiff is unable to attain and afford counsel on his own behalf.  Plaintiff has made no representations that he has attempted to obtain counsel without success or that his efforts to obtain counsel have been thwarted by financial limitations.  Furthermore, the Court notes that statutory provisions allow this Court to award reasonable attorney's fees to prevailing parties in cases brought pursuant to 42 U.S.C. § 1983, *see* 42 U.S.C. § 1988(b), a provision intending to mitigate the financial barriers to plaintiffs seeking the assistance of counsel when pursuing claims involving violations of constitutional rights.

The Court of Appeals for the Third Circuit has noted that "volunteer lawyer time is a scarce resource which should not be expended indiscriminately.  The courts have an obligation to strive to ensure that this resource is allocated to the cases of the greatest merit and to those plaintiffs in greatest need of counsel." *Still v. Finnerty*, No. 3:06-0167, 2006 WL 1310887, at *2 (M.D. Pa. May 10, 2006) (Caputo, J.).  As such, the Court will not at this time exercise its discretion to appoint counsel for Plaintiff Bowman.  This decision, however, does not foreclose Mr. Bowman's right to reapply for appointment of counsel at a later date should he elect to re-file the claims dismissed here or should his circumstances change.

For the foregoing reasons, **NOW**, this   7th   day of January, 2009, **IT IS HEREBY**

**ORDERED** that Plaintiff's Motion to Reconsider and Request Appointment of Counsel (Doc. 4) is **DENIED**, without prejudice to Plaintiff's right to reapply for appointment of counsel if his circumstances change..

      /s/ A. Richard Caputo
     A. Richard Caputo
     United States District Judge